PAUL E. DANIELSON, Justice, dissenting. This case presents a very close question |9in my opinion and, because it does, I would affirm the circuit court’s order; I therefore respectfully dissent. As the majority opinion correctly states, we review findings in dependency-neglect proceedings de novo, but we will not reverse the circuit court’s findings unless they are clearly erroneous. See Porter v. Arkansas Dep’t of Health & Human Servs., 374 Ark. 177, 286 S.W.3d 686 (2008). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, based on the entire evidence, is left with a definite and firm conviction that a mistake has been committed. See id. In this case, I simply am not left with a definite and firm conviction that a mistake was committed. As the majority acknowledges, there was sufficient evidence to sustain the circuit court’s finding that, at the time of the permanency-planning hearing, it was not in J.G.’s best interest to return him to his mother. Where the majority and I part ways is in its reversal and remand for the circuit court’s further consideration of section 9-27-338(c), the plain language of which provides that a permanency goal, listed in order of preference, “shall” be entered “in accordance with the best interest of the juvenile.” After reviewing the circuit court’s findings and the record in this case, I cannot say that the circuit court committed reversible error. While the majority finds that there was not sufficient evidence such that the circuit court could have found that section 9—27—338(c)(2) was an inappropriate goal, I myself can surmise at least one reason that such a plan might have been excluded from the circuit court’s consideration in this case at the time of the permanency-planning hearing. The section relied on by the majority requires that the return of the juvenile to the parent shall occur “no later than three (3) months from the date of the |inpermanency planning hearing.” The hearing in this matter was held in January, and it involved an eleven-year-old child who was in school at that time and doing very well in his studies. This same student had been forced to change schools several times throughout the past few years; certainly the circuit court could have considered it in his best interest to stay with his maternal grandmother rather than implement a plan under section 9-27-338(c)(2), which would have required uprooting J.G. from his school in the middle of the school year to meet the statute’s three-month time constraint.[1] Admittedly, this is only speculation, but it certainly gives me pause such that I cannot reverse and remand on this basis set forth by the majority. Again, the question presented in this case is a close one; however, our standard of review dictates a definite and firm conviction that a mistake has been made before we can reverse. Because I am not left with such a conviction after reviewing the entire evidence, I would affirm the circuit court’s order. HANNAH, C.J., and CORBIN, J., join. . At the time of the hearing, Ms. Contreras was living in Texas.